IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL HILDEN, : | |
|     Plaintiff : | |
| : | CIVIL NO. 3:13-CV-1437 |
| v. : | |
| : | (JUDGE NEALON) |
| UNITED STATES OF AMERICA, : | (MAGISTRATE JUDGE CARLSON) |
|     Defendant : | |

## MEMORANDUM

On May 29, 2013, Plaintiff, Daniel Hilden, an inmate formerly[1] confined at the Canaan United States Penitentiary ("USP-Canaan") in Waymart, Pennsylvania, filed a pro se complaint pursuant to the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 2401, et seq., and 28 U.S.C. § 2675, et seq. (Doc. 1). Plaintiff alleges that in June of 2011, he suffered Salmonella poisoning at USP-Canaan from eating chicken fajitas that contained "bad" chicken contaminated with salmonella bacteria. (Id.) On May 31, 2013, Magistrate Judge Martin C. Carlson issued an Order appointing Joseph Barrett, Esquire to serve as mediator with mediation sessions and an accompanying comprehensive status report to be completed by Defendant and Attorney Joseph Barrett by September 2, 2013. (Doc. 6). Mediation deadlines were subsequently extended. See (Docs. 13, 16). On

---

[1] Plaintiff is currently incarcerated at USP-Lewisburg.

December 2, 2013, Mediator Joseph A. Barrett, Esquire filed a Report of Mediator, in which it was reported that Defendant settled his FTCA claim and a 90-day Dismissal Order was requested. (Doc. 18). On December 3, 2013, this Court issued an Order dismissing the case without costs and without prejudice to the right of either party, upon good cause shown within ninety (90) days, to reinstate the action if settlement were not consummated. (Doc. 19).

On March 10, 2014, and April 8, 2014, Plaintiff filed letters alleging that he had not received his settlement money. (Docs. 22, 25). Magistrate Judge Carlson issued Orders directing Defendant to respond. (Doc. 23, 26). In its Response, Defendant alleges that it "submitted all appropriate forms to the Department of the Treasury Judgment Fund ("the Fund") to begin processing Plaintiff's settlement proceeds"; however, the Fund offset the payment due to a financial obligation Plaintiff previously incurred. (Docs. 24, 27, and Exs.). Defendant explains that the "Treasury Department, which is not a party to this case, has statutory authority to collect delinquent non-tax debts owed to the federal government by offsetting payments made by other federal agencies. (Id. at p. 2), citing 31 U.S.C. § 3716; 31 C.F.R. § 285.5(a)(1). Defendant states that "the Treasury Department confirmed an offset occurred in this case", but that the Fund will not release the exact nature of the offset. (Docs. 24, 27 at p. 3). Defendant asserts that it has no obligation to

advise a settling plaintiff about a possible offset, and provides Plaintiff with a contact number to obtain additional information about the offset. (Id.).

On May 7, 2014, Magistrate Judge Carlson issued a Report and Recommendation ("R&R") construing Plaintiff's letters as a motion to enforce settlement, and recommending that the motion be denied. (Doc. 28). No objections have been filed. For the reasons set forth below, the R&R will be adopted, and Plaintiff's motion to enforce settlement will be denied.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or

public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

In the absence of objections, this Court will review the instant action for plain error.

**Discussion**

In the R&R, Magistrate Judge Carlson thoroughly discusses the Treasury Offset Program ("TOP") and cites an abundance of case law that supports the TOP's ability to collect payment against a debtor to satisfy outstanding debts. (Doc. 28, pp. 4-7). The Magistrate Judge explains the due process protections that apply to the TOP, which do not require specific advance notice from the United States that the proceeds obtained in a plaintiff's litigation against it may at some later date be subject to a Treasury offset. (Id. at pp. 7-8). Magistrate Judge Carlson concludes that Plaintiff's motion to enforce settlement fails as a matter of law, and should be denied for the following reasons: (1) "the defendant has substantially complied with the agreement by arranging for the Treasury to issue a payment to the plaintiff in the amount agreed upon by the parties" which means there was no material breach of the agreement; (2) the plaintiff "has received

benefit of this payment under the agreement, albeit in an indirect fashion, through the reduction of the plaintiff's outstanding and pre-existing indebtedness"; (3) "the application of the Treasury offset to this payment is mandated by law and is largely a non-discretionary function by Treasury"; (4) "the statute and regulations creating the [TOP] provide ample due process protections to a prisoner plaintiff prior to an offset, and allow for administrative agency review of any offset decisions, followed by judicial review of particular offsets, if necessary"; (5) "attempting to modify, or set aside, this offset action at this point could harm the interests of third parties, including victims entitled to restitution or dependants awaiting child support"; (6) "as a matter of law[,] the plaintiff simply was not entitled to additional, specific advance notice that the proceeds obtained in this settlement might at some later date be subject to a Treasury offset"; and (7) "vacating or setting aside this settlement would be a wholly fruitless endeavor, and would not allow the prisoner plaintiff to avoid or evade the Treasury offset in the future." (Doc. 28, pp. 9-11). The Magistrate Judge finds that "to the extent that the plaintiff is aggrieved by the application of a Treasury offset to his settlement funds, his relief lies through administrative proceedings or separate litigation challenging that offset decision." (Id. at pp. 11-12).

After review, and in the absence of objections, this Court finds no error in

the R&R and it will be adopted.  Plaintiff's motions to enforce settlement will be denied.

A separate Order will be issued.

Date: May 30, 2014

United States District Judge